IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VERONICA HURTADO
CARLOS HURTADO                                                              PLAINTIFFS

VERSUS                                       CIVIL ACTION NO.: 1:21cv325 LG-RPM

WAL-MART, INC., and
JOHN DOES 1-10, AND CORPORATIONS A-Z                         DEFENDANTS

COMPLAINT
(JURY TRIAL DEMANDED)

COMES NOW, Plaintiffs, VERONICA HURTADO and CARLOS HURTADO, by and through their attorney Benjamin U. Bowden of BEN BOWDEN, PC, and files this their Complaint, and would show unto this honorable Court as follows, to wit:

**PARTIES**

1. Plaintiffs, VERONICA HURTADO and CARLOS HURTADO, are adult resident citizens of the State of Mississippi, residing in Harrison County, Mississippi.

2. Defendant, Wal-Mart, Inc., is a foreign corporation doing business in the State of Mississippi, which may be served with Summons and Complaint upon its Registered Agent, CT Corporation System 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

~1~

3. Defendants, JOHN DOES 1 THROUGH 10 AND CORPORATIONS A THROUGH Z, are individuals or entities who are unknown, despite due diligence, which may be responsible for the injuries and dangers suffered by Plaintiffs, however, the specific acts of negligence are at this time unknown, and these allegations will be amended as this cause develops and such entities become known.

## JURISDICTION

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because:

    a. There is complete diversity of citizenship between Plaintiffs and Defendants;

    b. The amount in controversy exceeds the same of $75,000.00, exclusive of interest and costs.

## BACKGROUND

5. At the time of the incident herein on November 19, 2018, Veronica Hurtado was an invitee of Defendants, being a patron of Defendants' store Walmart Supercenter Store # 2715 located on 3615 Sangani Blvd, D'Iberville, MS 39540. Plaintiff entered Walmart on the produce side of the store and slipped causing her to fall. When she recomposed herself, she noticed a blue liquid substance on the floor where she slipped. She was in such an

incredible amount of pain in her foot/ankle that she wasn't able to put pressure, so she utilized her right foot to get to the closest bin to support herself. The injury was so painful that she yelled over to a Walmart employee for help. She pointed to him where the accident happened, and he saw the liquid on the floor where she slipped. It was at that time that the employee called for a manager to assist. As the employee waited for the manager to arrive, he (employee) grabbed a mop and proceeded to clean up the liquid on the floor. The manager came shortly after and asked the Plaintiff what happened. After she told him (manager), he went to talk to the employee, and she heard the manager ask the employee "why did you clean it." The manager called 911 as a result of the severity of her injury. The manager then proceeded to move her to Subway where she sat until the paramedics arrived. While sitting at Subway, she observed another Walmart employee positioning a cleaning cart at the entrance to finish cleaning the area and/or prevent customers from walking in the wet area. When the manager noticed the cleaning cart he told and motioned to the employee to move it. Once the paramedics arrived, she explained what happened and they examined her injured leg/ankle. The paramedics observed her ankle was swollen and put an ice pack. She transported via

POV to Keesler AFB Medical Center ER. Plaintiff slipped in the blue liquid substance, causing her to fall and resulting in severe injury to her left ankle. The blue liquid substance caused a dangerous and an unreasonably unsafe condition that Defendants knew or had reason to know or should have known that said condition was unsafe and threatening. Additionally, Defendants' personnel posted no warnings of any kind or nature and simply allowed Plaintiff to walk over the dangerous/hazardous condition. The premises in question were under the exclusive control of Defendants, and Defendants' employees and agents who created the condition and/or who had constructive notice of same, failed to warn Plaintiff, were acting in their representative capacities on behalf of Defendants. The Defendants and its employees/agents' actions and/or inactions were negligent and as the employees were acting in their representative capacities and under the authority and/or apparent authority of Defendants, said negligence of said employees and agents owed a duty to Patrons to keep its premises in a reasonable safe condition, and Defendants, through its employees, failed to provide reasonable safe conditions and Defendants failed to exercise reasonable care and breached its duty to Plaintiff, Veronica Hurtado. Furthermore, Defendants created the hazardous condition or knew or

should have known of the hazardous conditions and, thereby, had, at least, constructive notice of said condition, and there should have been warnings placed in around the vicinity of the hazard, even if verbal. None of the above occurred and, as a result, Plaintiff was caused to traverse over the hazard causing her to fall and sustain serious and painful physical injuries.

## NEGLIGENCE

6. As asserted above, Defendants was negligent in that they:

   a. Breached their duty to their invitees to keep the premises in a reasonable safe condition and by allowing its patrons to walk/traverse over a hazardous condition;

   b. Breached their duty to Plaintiff by creating the dangerous condition which resulted in serious injury to Plaintiff, Veronica Hurtado, or, alternatively, had actual or constructive notice of the dangerous condition and failed to remedy same;

   c. Failed to properly warn patrons, including Plaintiff of the dangers they created, and failed to ensure that their employees, personnel, or agents took sufficient care and/or gave adequate directions and/or warnings to Plaintiff;

   d. Plaintiff invokes the doctrine of Res Ispa Loquitur, in that the part of the

premises in questions was under the exclusive control of Defendants and the incident was such that in the ordinary course of things would not have happened if those in control used proper care, and the incident was not due to any voluntary act on the part of Plaintiff, Veronica Hurtado.

## DAMAGES

7. As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered severe injuries and damages, including, but not limited to the following:

   a. All medical bills and expenses;

   b. All physical pain and suffering;

   c. All mental, emotional and/or psychological pain and suffering;

   d. All loss of enjoyment of life;

   e. All inconvenience;

   f. All compensatory, special, and general dangers; and.

   g. Attorney's fees and court costs.

## LOSS OF CONSORTIUM

8. As a result of the hereinabove actions and/or inactions, breaches and/or negligence of Defendants, Plaintiff, Carlos Hurtado, husband of Veronica

Hurtado, has suffered loss of consortium damages and/or losses of the benefits of marriage to be more specifically shown at the trial of this matter.

## PUNITIVE ACTS AND DAMAGES

9. To the extent that Defendants' actions and/or inactions were willful, wanton and in reckless disregard for the safety of Plaintiff; Plaintiff would assert that she is entitled to punitive damages from Defendants and/or either of them and/or from Defendants Corporation A-Z or John Does 1-10 in an amount to be determined by a jury.

## PRAYER FOR RELIEF

10. WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment of and from Defendants in an amount to be determined at trial on the merits, plus interest at the legal rate, and cost of this action, including, but not limited to the following damages:

    a. All compensatory, special, and general damages, said sum to be determined by a jury.

    b. All cost incurred and to be incurred in this cause, and for all lawful pre-judgment interest, post-judgment interest, and attorney's fees if punitive damages are found applicable, and for any and all damages provided under the law of the State of Mississippi;

    c. All past, present and future medical expenses;

    d. All physical pain, suffering, and disability;

    e. All mental, emotional and/or psychological pain, suffering, and anguish;

    f. All loss of enjoyment of life;

    g. Punitive damages in an amount to be determined by a jury.

*RESPECTFULLY SUBMITTED*, this the 20th day of October, 2021.

                                PLAINTIFFS

BY:   _s/ *Benjamin U. Bowden*_
           BENJAMIN U. BOWDEN (MSB 3733)
           BEN BOWDEN, PC
           BridgeWater Commons, Suite 204-B
           8927 Lorraine Road
           Gulfport, Mississippi 39503
           Telephone: (228) 896-5652
           Facsimile: (228) 896-5689
           Email: bowden@benbowdenlaw.com
           Cc:   srodgers@benbowdenlaw.com